IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | |
|---|---|
| PROGRESSIVE SPECIALTY ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. |
| v. ) | 1:10cv681-MHT |
| ) | (WO) |
| LARRY DWAYNE MIMS; et al., ) | |
| ) | |
| Defendants. ) | |

OPINION AND ORDER

Plaintiff Progressive Specialty Insurance Company filed this lawsuit against defendants Larry Dwayne Mims, Paula Denise Traylor, Dazia M. Fumbah, and Werner Enterprises, Inc., seeking a declaration as follows with regard to a state lawsuit: Progressive has no duty to provide liability insurance coverage under the terms of a policy issued to Mims; and Progressive has no duty to provide a defense to Mims or Traylor or to indemnify them for any lawsuits arising out of the accident at issue. Jurisdiction is proper pursuant to 28 U.S.C. § 1332 (diversity).

On April 1, 2011, this court entered a default judgment against Mims and Traylor, and, on June 30, 2011, based on that default judgment, this court entered a declaration that Progressive had no duty to provide liability insurance coverage to Mims for the underlying accident and no duty to indemnify or defend Mims and Traylor.

Fumbah, the plaintiff in the underlying state litigation, has filed a timely motion asking this court to reconsider its April 1 and June 30 default judgment and declaration that Progressive has no duty to defend or indemnify Mims and Traylor.  Fumbah contends that his pending federal cross-claim against Mims for negligent entrustment of his vehicle to Traylor justifies re-opening Progressive's default judgment and declaration against Mims and Traylor.

With regard to the duty to defend issue, Fumbah lacks standing.  "To establish standing, a litigant must show: (1) 'injury in fact,' meaning the invasion of a legally-

protected interest which is concrete, particularized, actual, and imminent; (2) a causal relationship between the injury and the challenged conduct; and (3) a likelihood that the injury will be redressed by a favorable decision." Alabama Disabilities Advocacy Program v. J.S. Tarwater Dev. Ctr., 894 F. Supp. 424, 427 (M.D. Ala. 1995) (Thompson, C.J.) (internal quotation marks omitted).

Here, Fumbah cannot assert Mims's rights under his insurance policy. The duty to defend is a right vested in the insured; Fumbah suffers no injury because Progressive does not pay for the insured's lawyer. This court has been clear: "A person has no standing to assert, under an insurance policy to which he is not a party and thus under which he is not insured, the insurer has a duty to defend the insured." Canal Ins. Co. v. Cook, 564 F. Supp. 2d 1322, 1326 (M.D. Ala. 2008) (Thompson, J.); see also Allstate Ins. Co. v. Wayne County, 760 F.2d 689 (6th Cir. 1985).

3

As to the duty to indemnify, these proceedings have not yet resulted in a state-court finding that Mims is liable to Fumbah. As a result, this federal court not only determines, in its discretion, that a declaration is inappropriate under the Declaratory Judgment Act, 28 U.S.C. § 2201, but this court also finds that a 'case' or 'controversy' is lacking. See <u>Auto-Owners Ins. Co. v. Toole</u>, 947 F.Supp. 1557, 1561 (M.D. Ala. 1996) (Thompson, J.) ("Here, Toole could prevail in the underlying lawsuit. With this result, the issue of whether Auto-Owners must indemnify Toole would be moot, and the court would never have to reach the issue. 'The time and effort the court and the parties would have expended in resolving the issue would be wasted. For these reasons, the court concludes that the issue of indemnification is not sufficiently ripe to present a "case" or "controversy" and that, if there were, the court would still, in the exercise of its discretion, decline to provide declaratory relief.'") (citation and footnote

omitted).  Indeed, the state court has entered summary judgment against Fumbah in the underlying state proceeding.  While, admittedly, the state case is pending on appeal, there is no need to address whether Progressive must indemnify Mims.  Fumbah's pending cross-claim against Mims and Traylor for negligent entrustment raises the same ripeness concerns. (Because this issue is not ripe, the court need not address whether an uninsured third-party may assert an insured's duty to indemnify.)

For those reasons, Fumbah cannot challenge this court's ruling that Progressive has no duty to provide liability insurance coverage to Mims and Traylor for the accident at issue.

***

Accordingly, it is ORDERED that plaintiff Dazia M. Fumbah's motion to reconsider (Doc. No. 68) is denied.

DONE, this the 17th day of January, 2012.

    /s/ Myron H. Thompson
    UNITED STATES DISTRICT JUDGE