IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| PROGRESSIVE SPECIALTY ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACT. NO.  1:10CV681-MHT |
| ) | (WO) |
| LARRY DWAYNE MIMS, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

For the reasons stated below, the court recommends that judgment be entered in favor of Plaintiff Progressive Specialty Insurance Company and against Defendant Daziah Fumbah on Progressive's complaint for declaratory judgment. Further, the court concludes that Fumbah's request for declaratory judgment should be dismissed without prejudice for lack of jurisdiction.

**Standard of Review**

Because federal courts are courts of limited jurisdiction, it is a basic premise of federal court practice that the court must have jurisdiction over the subject matter of the action before it can act. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir.1994). Thus, federal courts only have the power to hear cases as authorized by the Constitution or the laws of the United States. *Kokkonen*, 511 U.S. at 377.

This court operates under an independent obligation to examine its own jurisdiction

at each stage of the proceedings, even if no party raises the jurisdictional issues and both parties are prepared to concede it.  *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215 (1990); *see* 13C Wright, A. Miller & E. Cooper, *Federal Practice & Procedure* § 3522 (3d ed.)  ("Even if the parties remain silent, a federal court, whether trial or appellate, is obliged to notice on its own motion its lack of subject matter jurisdiction.").  Further, Fed R. Civ. P. 12(h)(3) requires that, '[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

## Undisputed Facts and Procedural History

This is an insurance coverage declaratory judgment action filed by Progressive against defendants Werner Enterprises Inc., Dazia M. Fumbah, Larry Dwayne Mims, and Paula Denise Traylor.  The case arises out of a June 13, 2008 automobile accident in which Paula Traylor rear-ended a truck Fumbah was driving.  (Doc. 1 ¶¶ 4-5, 7-8).  The truck was damaged, and Fumbah claims that the wreck disabled him.  At the time of the accident, Traylor did not have an automotive insurance policy.  Traylor's then-husband, Larry Mims, had a Progressive insurance policy for Traylor's car, but Traylor was listed as an excluded driver under that policy.  (Doc. 1-3; Doc. 1-4; Doc. 68 ¶ 1).

Werner Enterprises owned and/or insured the truck Fumbah was driving.  (Doc. 1 ¶ 5; Doc. 1-2 ¶ 1).  Werner Enterprises paid $5,000.72 to repair the truck.  (Doc. 1-2 ¶ 2).  On June 9, 2010, Werner Enterprises filed suit against Paula Traylor in the Circuit Court of Houston County, Alabama, to recover the money it had spent on repairs.  (Doc. 1-2).

On June 16, 2010, Fumbah filed suit in the Houston Circuit Court against Traylor, Mims, and several insurers (not including Progressive), in addition to several fictitious defendants. (Doc. 1-1; Doc. 31-1). Fumbah asserted claims of negligence and wantonness against Traylor and Mims. (Doc. 1-1 ¶¶ 9-26). Fumbah also asserted claims of negligent and wanton entrustment against Mims. *Id*. In his negligent entrustment claims, Fumbah alleged that Mims knew that Traylor was "incompetent to drive" but nevertheless allowed her to drive.

On August 11, 2010, Progressive filed this action seeking a declaration that it "has no duty to provide liability insurance under the terms of a policy issued to Mims; and that [it] has no duty to provide a defense to Mims or Traylor or to indemnify them for any lawsuits arising out of the accident at issue," including the two Houston County Circuit Court actions. (Doc. 1 ¶¶ 4-5, 7-8; ; Doc. 62 p.1; Doc. 78 p. 1).

On March 1, 2011, Fumbah filed an answer to Progressive's complaint and a crossclaim against Mims and Traylor purporting to incorporate and reassert Fumbah's state court complaint against Mims and Traylor. (Doc. 31).

Progressive's declaratory judgment coverage claims against Mims and Traylor were addressed by a default judgment on April 1, 2011 (Doc. 44), by an opinion entered on June 30, 2011 (Doc. 62), and by a declaratory judgment (Doc. 63) entered on June 30, 2011 declaring that Progressive owes no coverage under the policy and "no duty to provide a defense to" Mims and Traylor "and no duty to indemnify them for any lawsuits arising out

of the June 18[, 2008] accident." (Doc. 63).  Fumbah did not oppose Progressive's motions for entry of default or for default judgment against Mims and Traylor.  Fumbah also did not oppose Progressive's request for declaratory judgment (Doc. 47) against the defaulted Mims and Traylor.

Progressive's declaratory judgment coverage claim against Werner Enterprises was addressed by default judgment on June 21, 2011 (Doc. 58), and by a July 11, 2011 default declaratory judgment declaring that, "as to Werner Enterprises," Progressive owes no coverage under the policy and "no duty to provide a defense" to Mims and Traylor.  (Doc. 65).  Fumbah did not oppose Progressive's motions for entry of default or for default judgment against Werner Enterprises.

On June 21, 2011, following a hearing in this case, the district court entered an order allowing Fumbah until July 21, 2011, to file an amended answer and crossclaim.  (Doc. 59).  On July 21, 2011, Fumbah filed an amended answer, which contained a crossclaim for negligent entrustment against Mims and a request for a declaration that Progressive must provide coverage for the negligent entrustment crossclaim.  (Doc. 66 p. 5; Doc. 66-1 p. 5 (signed copy of Fumbah's amended answer)).  Fumbah did not assert any claim against Traylor in his amended answer and crossclaim.

On July 25, 2011, Fumbah moved for reconsideration of the default judgment against Mims and Traylor (Doc. 63) in which this court held that Progressive had no duty to provide Mims and Traylor coverage for "any lawsuit" arising out of the June 2008 accident.  (Doc.

4

68). Fumbah argued that ongoing discovery in the state court lawsuit, including the June 29, 2011 deposition of Paula Traylor, presented material questions of fact with respect to Mims's liability for negligent entrustment and Progressive's obligation to provide coverage for Mims. (Doc. 68 ¶¶ 3-5, 7). Fumbah also argued that his crossclaim against Mims and his request for declaratory judgment were timely. (Doc. 68 ¶ 6). Fumbah sought to revisit whether Progressive had "carried it[]s burden of proof" with respect to whether it was entitled to a declaration that it owed no coverage to Mims. (Doc. 68 ¶ 7).

On October 17, 2011, the Circuit Court of Houston County entered an order granting summary judgment in favor of "Defendant Larry D. Mims d/b/a Dewayne [sic] Mims Electric"[1] with respect to negligent entrustment claims asserted by Fumbah in that case. An appeal of the Houston Circuit Court's summary judgment order is currently pending in the state courts.

On December 14, 2011, Progressive filed a "Motion to Moot or Deny Fumbah's Motion to Reconsider and Make Order of June 30, 2011 Final or, in the Alternative, Motion for Summary Judgment." (Doc. 75). Among other things, Progressive argued that it was entitled to summary judgment on Fumbah's declaratory judgment claim because the court had already entered a default judgment against Mims and Traylor declaring that Progressive

---

[1] The caption of the Houston Circuit Court's order indicates that Fumbah sued both Mims and "Dewayne [sic] Mims Electric" in the state court action. It is not clear from face of the trial court's order whether the entry of summary judgment against "Defendant Larry D. Mims d/b/a Dewayne [sic] Mims Electric" disposes of any negligent entrustment claims against Mims as an individual. (Doc. 75-7).

did not have a duty to provide coverage. (Doc. 75 ¶ 13).

On January 17, 2012, this court entered an opinion and order denying Fumbah's motion to reconsider the default judgment and declaration against Mims. (Doc. 78). This court held that Fumbah lacked standing to seek a declaration of Progressive's duty to defend his claims against Mims. (Doc. 78 pp. 2-3). With respect to the duty to indemnify, this court held:

> As to the duty to indemnify, these proceedings have not yet resulted in a state-court finding that Mims is liable to Fumbah. As a result, this federal court not only determines, in its discretion, that a declaration is inappropriate under the Declaratory Judgment Act, 28 U.S.C. § 2201, but this court also finds that a 'case' or 'controversy' is lacking. See *Auto–Owners Ins. Co. v. Toole*, 947 F. Supp. 1557, 1561 (M.D. Ala. 1996) (Thompson, J.) ("Here, Toole could prevail in the underlying lawsuit. With this result, the issue of whether Auto–Owners must indemnify Toole would be moot, and the court would never have to reach the issue. 'The time and effort the court and the parties would have expended in resolving the issue would be wasted. For these reasons, the court concludes that the issue of indemnification is not sufficiently ripe to present a "case" or "controversy" and that, if there were, the court would still, in the exercise of its discretion, decline to provide declaratory relief.'") (citation and footnote omitted). Indeed, the state court has entered summary judgment against Fumbah in the underlying state proceeding. While, admittedly, the state case is pending on appeal, there is no need to address whether Progressive must indemnify Mims. Fumbah's pending crossclaim against Mims and Traylor for negligent entrustment raises the same ripeness concerns. (Because this issue is not ripe, the court need not address whether an uninsured third-party may assert an insured's duty to indemnify.)

(Doc. 78 pp. 4-5).

On January 17, 2012, this court entered an order summarily denying Progressive's "Motion to Moot or Deny Fumbah's Motion to Reconsider and Make Order of June 30, 2011 Final or, in the Alternative, Motion for Summary Judgment." (Doc. 78).

**Discussion**

The following declaratory judgment claims remain pending in this case:

1. A claim by Plaintiff Progressive Specialty Insurance Company ("Progressive") seeking a judgment as to Daziah Fumbah declaring that Progressive has no duty to provide liability insurance coverage under the terms of a policy issued to Mims, and that Progressive has no duty to provide a defense to Mims or Traylor or to indemnify them for any lawsuits arising out of the accident at issue (Doc. 1); and

2. A request by Fumbah for "a declaration of coverage on Larry D. Mims for his negligence" in entrusting a vehicle to Traylor. (Doc. 66 p. 5).

Also pending is Fumbah's crossclaim against Mims alleging that Mims negligently entrusted a vehicle to Traylor. (Doc. 66 p. 5).

**I.     Progressive's Declaratory Judgment Claims**

Progressive's declaratory judgment claim seeks a declaration that Progressive has no duty to defend and indemnify Traylor and Mims with respect to "any lawsuit" arising out of the June 18, 2008 accident. (Doc. 1 p. 5; Doc. 62 p. 1; Doc. 78 p. 1). Fumbah is not a party to the insurance contract and, prior to the entry of a final judgment on his claims against Mims and Traylor, he has no vested legal right to any coverage due them under the policy. *See Knox v. Western World Ins. Co.*, 893 So. 2d 321, 324 (Ala. 2004). Thus, as the court specifically held in its January 27, 2012 order, any controversy between Progressive and Fumbah as to *Fumbah's* right to reach and apply the proceeds of the policy is not sufficiently

7

ripe to present a justiciable case or controversy. (Doc. 78 pp. 4-5); *see State Farm Mut. Auto. Inc. Co. v. Brown*, 894 So. 2d 643, 650 (2004) (holding that a tort claimant's declaratory judgment action against an insurer did not present a ripe, justiciable controversy because the tort claimant had not yet obtained a judgment against the tortfeasor). Therefore, Fumbah is *not* a defendant to Progressive's complaint in the ordinary sense that Progressive has any ripe, cognizable cause of action against him as an individual at this time. *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 341 (2006) (quoting *Raines v. Byrd*, 521 U.S. 811, 818 (1997) ("If a dispute is not a proper case or controversy, the courts have no business deciding it, or expounding the law in the course of doing so.").

However, "tort claimants [are] indispensable parties to the insurer's declaratory judgment action against the insured because, were the case allowed to proceed without them, 'the claimants' interests would be prejudiced.'" *American Safety Cas. Ins. Co. v. Condor Associates, Ltd.*, 129 Fed. Appx. 540 (11th Cir. 2005) (quoting *Ranger Insurance Co. v. United Housing of New Mexico*,[2] 488 F.2d 682 (5th Cir.1974)).[3] Fumbah's role with respect

---

[2] *Ranger* was decided by the Court of Appeals for the Fifth Circuit in 1974, prior to the creation of the Eleventh Circuit Court of Appeals. However, in *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit handed down prior to October 1, 1981.

[3] *See also Am. Auto. Ins. Co. v. English*, 266 Ala. 80, 94 So.2d 397, 399 (1957) ("[I]n this class of cases wherein the insurance company seeks to escape responsibility and to be relieved of the duty of defending, . . . the injured parties in such automobile accident, the insured and all insurance companies are necessary parties and that declaratory relief will not be granted until they are made [parties] in such a case"); *State Farm Mut. Auto. Ins. Co. v. Sharpton*, 259 Ala. 386, 66 So.2d 915, 917 (1953) (holding that injured parties who had instigated actions against the insured were necessary parties when the insurer sought a declaratory judgment that it was not liable for any judgment rendered in the actions against the insured).

to Progressive's complaint is as a necessary and indispensible party to the declaratory judgment claims against Mims and Traylor. In other words, Fumbah is joined as a party defendant because, as a tort claimant, he has an interest relating to the dispute *between Progressive and its insured* with respect to Progressive's duty to insure Mims and Traylor. *See id.*; *see also* Fed. R. Civ. P. 19(a)(1)(B)(i) ("A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if: . . . that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may . . . as a practical matter impair or impede the person's ability to protect the interest.").

In this case, the court has already adjudicated the coverage dispute *between Progressive and its insured* with respect to which Fumbah claims an interest; his opportunity to protect that interest in this court has passed. On April 1, 2011, the court entered an order granting default judgment in favor of Progressive and against Mims and Traylor. (Doc. 44). In that order, the court specifically ordered that "[t]he issue of damages is set for submission, without oral argument, on April 18, 2011. The parties are to submit to the court by that date all evidentiary materials on the issue of damages." (*Id.*) On April 15, 2011, Progressive submitted a request for "damages" in the form of a judgment against Mims and Traylor declaring that Progressive owed no coverage under the policy to Mims or Traylor and no duty to defend or indemnify them against "any lawsuits arising out of the accident at issue." (Doc. 47). Fumbah, who was at the time represented by counsel, did not file any response to the

9

court's April 1, 2011 order and he did not file any opposition to Progressive's request for "damages."

On June 30, 2011, the court entered an opinion that stated:

> It is clear from Progressive's filing as to the issue of damages . . . that the company does not actually request *damages*; rather, Progressive seeks *declaratory relief* in accordance with the relief it requested in its complaint. Specifically, Progressive asks this court to enter an order that "there is no coverage under the Progressive Policy for Defendants Larry Dwayne Mims and Paula Denise Traylor;" and that "Progressive does not have a duty to defend or indemnify Larry Dwayne Mims or Paula Denise Traylor for any lawsuits arising out of the accident at issue." [Doc. 47 p. 1]. This court is of the opinion that it should grant the requested declaratory relief against Mims and Traylor.

(Doc. 62) (emphasis in original).

Also on June 30, 2011, the court entered a judgment declaring that

> Progressive ... has no duty to provide liability insurance coverage under the terms of a policy issued to defendant Larry Dwayne Mims for any claim, matter, or allegations associated with the June 18 accident; and [t]hat [Progressive] has no duty to provide a defense to [Mims and Traylor] and no duty to indemnify them for any lawsuits arising out of the June 18 accident.

(Doc. 63).

On July 25, 2011, Fumbah filed a motion requesting the court to reconsider the judgment declaring that Progressive owes no coverage to Mims and Traylor and no duty to indemnify them."  (Doc. 68).  On January 17, 2012, the court entered an order denying Fumbah's motion to reconsider. (Doc. 78).

Accordingly, the coverage dispute between Progressive and its insured – the justiciable dispute with respect to which Fumbah claims an interest – has already been

10

adjudicated by a declaratory judgment on the merits of Progressive's complaint. Therefore, judgment should also be entered in favor of Progressive and against Defendant Fumbah with respect to Progressive's complaint for a declaration of coverage as to Mims and Traylor. *See Earnest v. State Farm Fire & Cas. Co.*, 475 F. Supp. 2d 1113 (N.D. Ala. 2007) (Coogler, J.) ("[A]n action by a party to declare his or her rights is not a typical claim that is made *against* another party. Instead, it is filed to determine relative rights, and is only effective if the outcome is *binding* upon those properly made a party to the action." (emphasis in original)).

## II.     Fumbah's Request for Declaratory Judgment

Fumbah has no standing to seek a declaratory judgment against Progressive as to coverage for the negligent entrustment crossclaim that he asserts in this case, and the case is not ripe with respect to Fumbah's request for declaratory judgment.[4] In Alabama, an insurer's liability to an injured party does not attach until the injured party has recovered a final judgment against the insured. *Knox v. Western World Ins. Co.*, 893 So. 2d 321, 324 (Ala. 2004). Alabama law does not permit tort claimant to bring any form of direct action,

---

[4] In addition, it would appear that Fumbah's request for declaratory judgment is subject to the court's earlier declaration that Progressive owes "no duty" to indemnify Mims or Traylor "for any lawsuits arising out of the June 18 accident." (Doc. 63). *See United States v. Escobar-Urrego*, 110 F.3d 1556, 1560 (11th Cir.1997) ("Under the law-of-the case doctrine, an issue decided at one stage of a case is binding at later stages of the same case."). However, on December 14, 2011, Progressive filed a motion for summary judgment arguing, *inter alia*, that Fumbah's declaratory judgment claim is moot and/or precluded by the court's earlier judgment declaring that Progressive is not obligated to defend or indemnify Mims or Traylor. (Doc. 74 ¶¶ 12-13). On January 17, 2012, the court entered an order summarily denying Progressive's motion for summary judgment. (Doc. 79).

including a claim for declaratory relief, against a tortfeasor's liability insurance company before entry of a final judgment determining the tortfeasor's liability. *Id.*; *see also* Ala. Code 1975 § 27-23-2 ("Upon the recovery of a final judgment against any person . . . for loss or damage on account of bodily injury . . . if the defendant in such action was insured against the loss or damage at the time when the right of action arose, the judgment creditor shall be entitled to have the insurance money provided for in the contract of insurance between the insurer and the defendant applied to the satisfaction of the judgment, and if the judgment is not satisfied within 30 days after the date when it is entered, the judgment creditor may proceed against the defendant and the insurer to reach and apply the insurance money to the satisfaction of the judgment.").

Thus, under Alabama law, prior to the entry of a judgment against the insured, a tort claimant does not have standing to pursue a claim against the insurance company, and any such claim against the insurer presents no ripe, justiciable controversy. *Knox v. Western World Ins. Co.*, 893 So. 2d at 325 (holding that a tort claimant does not have standing to bring a declaratory judgment action against a tortfeasor's insurer until he or she has obtained a final judgment establishing the tortfeasor's liability); *see also State Farm Mut. Auto. Inc. Co. v. Brown*, 894 So. 2d 643, 650 (2004) (holding that "[t]here is no justiciable controversy" over the tort claimants' declaratory judgment action against the insurer because the tort claimants had yet to obtain a final judgment against the tortfeasor).

Accordingly, Fumbah's request for declaratory judgment with respect coverage under

Progressive's policy is due to be dismissed without prejudice on grounds that the claim is not ripe for review and does not present a justiciable controversy.

## Conclusion

For the reasons stated above, it is the **RECOMMENDATION** of the Magistrate Judge that judgment be entered in favor of Plaintiff Progressive Specialty Insurance Company and against Defendant Daziah Fumbah on Progressive's complaint for declaratory judgment and that Fumbah's request for declaratory judgment be dismissed without prejudice for lack of jurisdiction.[5] It is further

**ORDERED** that the parties are **DIRECTED** to file any objections to the Recommendation on or before May 16, 2012. Any objections filed must clearly identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain

---

[5]The court notes that, after the adjudication of the remaining declaratory judgment claims, the only claim remaining in the case will be Fumbah's crossclaim for negligent entrustment against Mims, who has not appeared in this case.

13

error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

    Done this 2nd day of May, 2012.

                                /s/Charles S. Coody  
                              CHARLES S. COODY  
                              UNITED STATES MAGISTRATE JUDGE