IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| PROGRESSIVE SPECIALTY ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACT. NO.  1:10CV681-MHT |
| ) | (WO) |
| LARRY DWAYNE MIMS, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Now pending before the court is the motion for summary judgment[1] (Doc. 108) filed by Larry Dwayne Mims.  Having considered the motion and Fumbah's submissions in opposition to the motion, and for good cause, the court concludes that Mims's motion for summary judgment is due to be granted.

**Standard of Review**

"Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine [dispute[2]] as to any material fact and that the moving party is entitled to judgment as a matter of law.'"  *Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263 (11th

---

[1]On June 1, 2012, this court entered an order (Doc. 110) construing Mims's motion to dismiss (Doc. 108) as a motion for summary judgment in accordance with Fed. R. Civ. P. 12(d).

[2]Effective December 1, 2010, the language of Rule 56(a) was amended. The word "dispute" replaced the word "issue" to "better reflect [ ] the focus of a summary-judgment determination." Fed. R. Civ. P. 56(a), Advisory Committee Notes, 2010 Amendments.

Cir.2007) (per curiam) (citation omitted); Fed. R. Civ. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."). The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record, including pleadings, discovery materials and affidavits], which it believes demonstrate the absence of a genuine [dispute] of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant may meet this burden by presenting evidence which would be admissible at trial indicating there is no dispute of material fact or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322–324.

Once the movant meets his evidentiary burden and demonstrates the absence of a genuine dispute of material fact, the burden shifts to the non-moving party to establish, with appropriate evidence beyond the pleadings, that a genuine dispute material to his case exists. *Celotex*, 477 U.S. at 324; *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir.1991); *see also* Fed. R. Civ. P. 56(c) ("A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not

establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."). A genuine dispute of material fact exists when the nonmoving party produces evidence that would allow a reasonable fact-finder to return a verdict in its favor. *Greenberg*, 498 F.3d at 1263.

To survive the movant's properly supported motion for summary judgment, a party is required to produce "sufficient [favorable] evidence" "that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986). "If the evidence [on which the nonmoving party relies] is merely colorable ... or is not significantly probative ... summary judgment may be granted." Id. at 249–250. "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the [trier of fact] could reasonably find for that party." *Walker v. Darby*, 911 F.2d 1573, 1576–1577 (11th Cir. 1990) (quoting *Anderson*, *supra*). Conclusory allegations based on subjective beliefs are likewise insufficient to create a genuine dispute of material fact and, therefore, do not suffice to oppose a motion for summary judgment. *Waddell v. Valley Forge Dental Assocs., Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001). Hence, when a nonmoving party fails to set forth specific facts supported by appropriate evidence sufficient to establish the existence of an element essential to its case and on which the nonmovant will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex*, 477 U.S. at 322 ("[F]ailure of proof concerning an essential element of the nonmoving party's case necessarily renders all other

facts immaterial.").

For summary judgment purposes, only disputes involving material facts are relevant. *United States v. 5800 SW 74th Ave.*, 363 F.3d 1099, 1101 (11th Cir. 2004). What is material is determined by the substantive law applicable to the case. *Anderson*, 477 U.S. at 248; *Lofton v. Sec'y of Dep't of Children & Family Servs.*, 358 F.3d 804, 809 (11th Cir. 2004) ("Only factual disputes that are material under the substantive law governing the case will preclude entry of summary judgment."). "The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003) (citation omitted). To demonstrate a genuine dispute of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts.... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine [dispute] for trial.'" *Matsushita Elec. Indus. Co, Ltd., v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In cases where the evidence before the court which is admissible on its face or which can be reduced to admissible form indicates that there is no genuine dispute of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper. *Celotex*, 477 U.S. at 323–324 (summary judgment appropriate where pleadings, evidentiary materials and affidavits before the court show there is no genuine dispute as to a requisite material fact); *Waddell*, 276 F.3d at 1279 (to establish a genuine

dispute of material fact, the nonmoving party must produce evidence such that a reasonable trier of fact could return a verdict in his favor). However, if there is a conflict in the evidence, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255; *Ruiz de Molina v. Merritt & Furman Ins. Agency*, 207 F.3d 1351, 1356 (11th Cir.2000).

Although factual inferences must be viewed in a light most favorable to the nonmoving party and pro se complaints are entitled to liberal interpretation by the courts, a *pro se* litigant does not escape the burden of establishing by sufficient evidence a genuine issue of material fact. *Beard v. Banks*, 548 U .S. 521, 529 (2006); *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir.1990). Thus, the plaintiff's *pro se* status alone does not mandate this court's disregard of elementary principles of production and proof in a civil case.

**Facts and Procedural History**

This case arises out of a June 13, 2008 automobile accident in which Paula Traylor rear-ended a truck Fumbah was driving. (Doc. 1 ¶¶ 4-5, 7-8). The truck was damaged, and Fumbah claims that the wreck disabled him. At the time of the accident, Traylor did not have an automotive insurance policy. Traylor's then-husband, Larry Mims, had a Progressive insurance policy for Traylor's car, but Traylor was listed as an excluded driver under that policy. (Doc. 1-3; Doc. 1-4; Doc. 68 ¶ 1).

On June 16, 2010, Fumbah filed suit in the Houston Circuit Court against Traylor, Mims, and several insurers (not including Progressive), in addition to several fictitious

defendants. (Doc. 1-1; Doc. 31-1). Fumbah asserted claims of negligence and wantonness against Traylor and Mims. (Doc. 1-1 ¶¶ 9-26). Fumbah also asserted claims of negligent and wanton entrustment against Mims. *Id*. In his state-court negligent and wanton entrustment claims, Fumbah alleged that Mims knew that Traylor was "incompetent to drive" but nevertheless allowed her to drive. (Doc. 1-1 ¶¶ 21, 25).

On August 11, 2010, Progressive filed this action seeking a declaration that it "has no duty to provide liability insurance under the terms of a policy issued to Mims; and that [it] has no duty to provide a defense to Mims or Traylor or to indemnify them for any lawsuits arising out of the accident at issue," including the two Houston County Circuit Court actions.[3] (Doc. 1 ¶¶ 4-5, 7-8; ; Doc. 62 p.1; Doc. 78 p. 1).

On March 1, 2011, Fumbah filed an answer to Progressive's complaint and a crossclaim against Mims and Traylor purporting to incorporate and reassert Fumbah's state court complaint against Mims and Traylor. (Doc. 31). On July 21, 2011, Fumbah filed an amended answer, which contained an amended crossclaim for negligent entrustment against Mims and a request for a declaration that Progressive must provide coverage for the negligent entrustment crossclaim.[4] (Doc. 66 p. 5; Doc. 66-1 p. 5 (signed copy of Fumbah's amended answer)). Other than negligent entrustment, Fumbah did not assert any other claims

---

[3] Progressive's complaint for declaratory judgment has previously been adjudicated in its favor by this court. (*See* Docs. 58, 63, 65, & 105).

[4] Fumbah's complaint for declaratory judgment against Progressive has been dismissed without prejudice by this court. (*See* Docs. 95, 104, & 105).

against Mims in his amended amended answer and crossclaim. (Doc. 31). He asserted no claims against Traylor in his amended amended answer and crossclaim. (Doc. 31).

On October 17, 2011, the Circuit Court of Houston County entered an order granting summary judgment in favor of Mims[5] with respect to the negligent and wanton entrustment claims asserted by Fumbah in that case. (Doc. 108-3). Fumbah appealed from the Houston Circuit Court's summary judgment order. On May 11, 2012, the Alabama Court of Civil Appeals affirmed the trial court's entry of summary judgment against Mims. (Doc. 108-4). The Alabama Court of Civil Appeals issued a certificate of judgment on May 31, 2012. (Doc. 113-1).

## Discussion

The Federal Full Faith and Credit Statute, 28 U.S.C. § 1738, provides that the records and judicial proceedings of any court of any state, properly authenticated, "shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken." "Federal courts must give res judicata effect to state court judgments whenever the courts of the state from which the judgment emerged would do so." *Newman Signs, Inc. v. Sinner*, 796 F.2d 247, 249 (11th Cir. 1986), citing *Hickman v.*

---

[5]It is clear from a review of the Houston Circuit Court's record that the entry of summary judgment against "Defendant Larry D. Mims d/b/a Dewayne [sic] Mims Electric" (Doc. 75-7) disposed of Fumbah's negligent entrustment claims against Mims as an individual. *See Universal Express, Inc. v. U.S. SEC*, 177 Fed. App'x 52, 53 (11th Cir. 2006) (stating that a court may take judicial notice of public records (citing *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1277–78, 1280 (11th Cir. 1999)).

*Electronic Keyboarding, Inc.*, 741 F.2d 230, 232 (8th Cir. 1984). Thus, when considering whether to give res judicata effect to a state court judgment, a federal court "'must apply the res judicata principles of the law of the state whose decision is set up as a bar to further litigation.'" *Green v. Jefferson County Comm'n,* 563 F.3d 1243, 1252 (11th Cir. 2009) ("*Greene I*") (quoting *Kizzire v. Baptist Health Sys., Inc.*, 441 F.3d 1306, 1308–09 (11th Cir. 2006)). Accordingly, in determining whether Fumbah's crossclaim is precluded by the May 11, 2012, judgment of the Alabama Court of Civil Appeals, Alabama's res judicata principles apply. *Id*.

Under Alabama law, "[t]he elements of res judicata . . . are '(1) a prior judgment on the merits, (2) rendered by a court of competent jurisdiction, (3) with substantial identity of the parties, and (4) with the same cause of action presented in both actions.'" *Greene v. Jefferson County Com'n*, 13 So. 3d 901, 910 (Ala. 2008) ("*Greene II*") (quoting *Chapman Nursing Home, Inc. v. McDonald*, 985 So. 2d 914, 919 (Ala. 2007)). "'If those four elements are present, then any claim that was, or that could have been, adjudicated in the prior action is barred from further litigation.'" *Chapman*, 985 So. 2d at 919 (quoting *Equity Res. Mgmt., Inc. v. Vinson*, 723 So.2d 634, 636 (Ala. 1998)).

As for the first element of res judicata, the May 11, 2012, judgment of the Alabama Court of Civil Appeals qualifies as a prior judgment "on the merits" for res judicata purposes. Mims filed motions for summary judgment in the Houston Circuit Court arguing that the negligent and wanton entrustment claims were due to be dismissed on the merits. (*See* Doc.

8

108-5). Specifically, Mims argued he never had ownership or control over Traylor's vehicle and therefore could not have entrusted the vehicle to her. *See id*. On October 17, 2011, the Circuit Court of Houston County entered an order granting Mims's motions for summary judgment with respect to Fumbah's negligent entrustment claims, finding that Mims was "entitled to judgment as a matter of law" on those claims, and dismissing those claims with prejudice. (Doc. 108-3). *Cf. Parmater v. Amcord, Inc.*, 699 So.2d 1238, 1240 (Ala. 1997) (holding "that a dismissal with prejudice is an adjudication on the merits" for res judicata purposes). Subsequently, the Court of Civil Appeals entered a "no-opinion" affirmance citing Ala. R. App. P. 53(a)(1) and (a)(2)(e), thus clearly indicating that court's conclusion that the trial court's summary judgment order was "supported by the record." *See* Ala. R. App. 53(b) ("When . . . the Court of Civil Appeals affirms a judgment without an opinion, . . . in its order of affirmance it shall . . . cite section (a)(1) of this rule and that subpart of section (a)(2) relied upon by the court in its decision to write no opinion."); *see also* Ala. R. App. 53(a)(2)(e) ("The . . . Court of Civil Appeals may affirm a judgment or order of a trial court without an opinion if the court determines . . . [t]he appeal is from a summary judgment . . . and that judgment is supported by the record."). Accordingly, the judgment of the Alabama Court of Civil Appeals satisfies the res judicata requirement of a "prior judgment on the merits." *See* Ala. R. App. P. 53(d) (providing that, under Alabama law, a no-opinion affirmance by the court of Civil Appeals may be used "for the purpose of establishing the application of . . . res judicata").

Further, to satisfy the requirement of the first element of res judicata under Alabama law, the prior judgment on the merits must be a final judgment. *EB Invs., L.L.C. v. Atlantis Dev., Inc.*, 930 So.2d 502, 509-10 (Ala. 2005). The Alabama Court of Civil Appeals has stated: "Under *Ex parte Tiongson*, 765 So.2d 643 (Ala. 2000), a decision of this court is not final until this court issues its certificate of judgment, and an application for rehearing in this court and a petition in the Alabama Supreme Court for writ of certiorari stay the issuance of that certificate." *S.J.R. v. F.M.R.*, 33 So. 3d 1229, 1230 (Ala. Civ. App. 2009); *see also* Ala. R. App. P. 41 (governing the issuance of certificates of judgment by Alabama's appellate courts). In this case, the Court of Civil Appeals issued a certificate of judgment on May 31, 2012. (Doc. 133-1). The issuance of the certificate of judgment clearly indicates that the appellate process is complete and that the judgment of the Court of Civil Appeals is a final judgment affirming the trial court's summary judgment order dismissing all claims against Mims with prejudice.[6] *See S.J.R.*, 33 So. 3d at 1230 (holding a judgment of the Court of Civil Appeals is not final until issuance of the certificate of judgment); *see also* Ala. R. App. P. 41 (providing that the Court of Civil Appeals may not issue a certificate of judgment if the

---

[6]Although matters concerning other parties are still pending in the state court action, the Houston Circuit Court's case action summary sheet reflects that Mims has been dismissed from the case, and the final judgment of the Court of Civil Appeals affirmed the dismissal of Mims from the state court lawsuit. Therefore, as a result of the final judgment of the Court of Civil Appeals, Mims is no longer a party to the state court lawsuit and he will not be a party to any further proceedings in the state court action. Thus, in the unlikely event that matters pertaining to Fumbah's claims against Mims are re-evaluated at some later date by an Alabama appellate court in a rare exception to the law-of-the-case doctrine, *see Walden v. ES Capital*, __ So. 3d __, __, 2011 WL 1902205 (Ala. May 20, 2011), any such re-evaluation would *not* involve Mims as a party and, therefore, would not change the res judicata effect of the May 11, 2012, judgment of the Court of Civil Appeals <u>with respect to Mims</u>. *See Greene II* at 910 (holding that res judicata requires a judgment between substantially identical parties).

case is before that court on rehearing or if a petition for writ of certiorari is pending in the Alabama Supreme Court).

As for the second element of res judicata, there is no question that the Alabama Court of Civil Appeals was a court of competent jurisdiction with respect to its May 11, 2012, judgment. *See Green II*, 13 So. 3d at 910 (holding that, to satisfy the requirements of res judicata, the prior judgment must have been entered by a court of competent jurisdiction). Pursuant to Ala. R. Civ. P. 54(b), the trial court certified as final its summary judgment order dismissing all claims against Mims. (Doc. 108-3). Therefore, the summary judgment was properly before the Court of Civil Appeals for review even though other claims remain pending in the Houston Circuit Court. *See Rogers v. State Farm Fire and Cas. Co.*, 984 So. 2d 382, 385 (Ala. 2007) (holding that a judgment certified as final by the trial court pursuant to Ala. R. Civ. P. 54(b) was properly before the court on appeal).

The third required element for application of the doctrine of res judicata under Alabama law is "substantial identity of the parties." *Green II*, 13 So. 3d at 910. This element is satisfied because this case involves the same parties (Mims and Fumbah) as in the state court case. *Green II*, 13 So. 3d at 910 ("Substantial identity requires that the 'parties be identical.'" (quoting *Stewart v. Brinley*, 902 So.2d 1, 10 (Ala.2004)); *see also Gonzalez, LLC v. DiVincenti*, 844 So. 2d 1196 (Ala. 2002) ("Under the doctrine of res judicata, a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies." (citations and internal quotation marks omitted)).

11

To satisfy the fourth and final requirement for the application of the doctrine of res judicata under Alabama law, "the same cause of action [must be] presented in both actions." *Green II*, 13 So. 3d at 910. According to the Alabama Supreme Court:

> "'[T]he principal test for comparing causes of action [for the application of res judicata ] is whether the primary right and duty or wrong are the same in each action.'" *Old Republic Ins. Co. v. Lanier*, 790 So. 2d 922, 928 (Ala. 2000) (quoting *Wesch v. Folsom*, 6 F.3d 1465, 1471 (11th Cir.1993)). . . . "'Res judicata applies not only to the exact legal theories advanced in the prior case, but to all legal theories and claims arising out of the same nucleus of operative facts.'" 790 So. 2d at 928 (quoting *Wesch*, 6 F.3d at 1471). As a result, two causes of action are the same for res judicata purposes "'when the same evidence is applicable in both actions.'" *Old Republic Ins. Co.*, 790 So.2d at 928 (quoting *Hughes v. Martin*, 533 So.2d 188, 191 (Ala.1988)).

*Chapman,* 985 So.2d at 921; *see also Kizzire*, 441 F.3d 1306 ("Alabama uses the 'substantial evidence' test to determine whether two causes of action are the same for res judicata purposes. Under this test, res judicata applies when the same evidence substantially supports both actions." (citations omitted)).

In the state court case, Fumbah asserted a claim that Mims negligently and/or wantonly entrusted a vehicle to Traylor, thus proximately causing the June 13, 2008 automobile accident in which Fumbah was injured. *See* ¶¶ 19-26, First Amended Complaint, *Fumbah v. Traylor*, *et al.*, Houston Circuit Court case no. 38-CV-2010-00245.00 (document filed June 16, 2010). In his state court complaint, Fumbah alleged that Mims knew that Traylor was "incompetent to drive" but nevertheless allowed her to drive. (*Id*. ¶¶ 21, 25). Likewise, in his crossclaim against Mims this case, Fumbah asserts that Mims "knew [Traylor] to be an . . . incompetent driver," but nevertheless negligently entrusted a vehicle

12

to Traylor, thus proximately causing the June 13, 2008 automobile accident. (Doc. 66-1 p. 5). Accordingly, the "primary right and duty or wrong are the same in each action," the "legal theories and claims" in both cases "aris[e] out of the same nucleus of operative facts," and "the same evidence is applicable in both actions." *Chapman,* 985 So.2d at 921. Thus, the causes of action are the same for purposes of res judicata. *Id*.; *Old Republic*, 790 So.2d at 928 ("[W]here two successive suits seek recovery for the same injury, a judgment on the merits operates as a bar to the later suit." (citations and internal quotation marks omitted)).

Because the four required elements of res judicata are present in this case, Fumbah's negligent entrustment crossclaim is barred by the doctrine of res judicata. *Chapman*, 985 So. 2d at 919 (holding that "any claim that was, or that could have been, adjudicated in the prior action is barred from further litigation" if the four elements of res judicata are present); *see also Kizzire*, 441 F.3d 1306 (holding that, because "all four elements of res judicata are established under Alabama law . . . Appellants are precluded from litigating their current claims").

## Conclusion

For the reasons stated above, it is the **RECOMMENDATION** of the Magistrate Judge:

1. that the motion for summary judgment (Doc. 108) filed by Larry Dwayne Mims be granted;

2. that all other pending motions be denied as moot;

3.  that judgment be entered in favor of Mims and against Daziah Fumbah on Fumbah's pending crossclaim for negligent entrustment;

4.  that Fumbah's crossclaim against Mims be dismissed with prejudice; and

5.  there being no other pending claims in this action, that this case be dismissed.

Further, it is

**ORDERED** that the parties are **DIRECTED** to file any objections to the Recommendation on or before **July 19, 2012**. Any objections filed must clearly identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on

September 30, 1981).

Done this 5th day of July, 2012.

                                         /s/Charles S. Coody
                              CHARLES S. COODY
                              UNITED STATES MAGISTRATE JUDGE